UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS L. ENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00432 SNLJ |
| ) | |
| PRUDENTIAL INSURANCE COMPANY ) | |
| OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This ERISA disability benefits case is before the Court on "Plaintiff's Motion to Compel Discovery," # 27, to which defendants have filed a response in opposition, #29, and plaintiff a reply thereto, #30. Plaintiff was an employee of defendant Anheuser Busch, and Defendant Prudential was plan administrator for a disability benefits plan operated by AB. Plaintiff filed a claim under the plan that she was totally and permanently disabled, but defendants denied the claim. Plaintiff now contends that denial of the claim was unlawful because defendants refused to consider the fact that the Social Security Administration [SSA] determined that plaintiff was totally and permanently disabled and refused to consider the medical records on which that determination was based. It appears from the briefing that the parties have resolved their differences over plaintiff's discovery requests except the request for defendants' "internal claims handling manuals concerning disability claims."

As the Eighth Circuit repeatedly has held, the general rule in ERISA cases "is that review is limited to evidence that was before the [plan] administrator." *Atkins v. Prudential Ins. Co.*, 404 Fed. Appx. 82, 84 (8th Cir. 2010), quoting *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941,

945 (8th Cir. 2010). To be sure, internal claims handling manuals go beyond the administrative record presented to the plan administrator, but plaintiff here seeks those manuals to ascertain the nature and extent of the conflict of interest presented by the fact that Prudential was both the claims administrator for the plan and the insurer for the plan. The Court in both the *Atkins* and *Jones* cases rejected similar claims. In *Jones*, the Court first noted that the plan administrator conceded "that it was both insurer and administrator for the plan," so that discovery on that issue was unnecessary. In addition, the Court observed that plaintiff's challenge to the merits of the decision involved "an application of policy language to undisputed facts." For these reasons, the Court then held that the administrative record was "sufficient to permit a fair evaluation of [the] decision." *Jones*, at 945. In *Atkins*, plaintiff premised his discovery request on *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), in which the Supreme Court held that there is indeed a conflict of interest when the insurer and claims administrator of a plan are one and the same. The *Atkins* Court responded that "We have not yet decided whether Glenn affects discovery limitations under ERISA. . .and Atkins's argument that Glenn controls the outcome of this decision is unconvincing." *Atkins*, at 85. In rejecting the discovery request, the Court then noted that "This case is comparable to *Jones*" in that "[defendant] conceded that it was both insurer and administrator of the plan" and "the administrative record was sufficient to permit a fair evaluation of the decision." *Id*. The other instruction from the Eighth Circuit on the matter -- though it is not a discovery case -- is the Court's admonition in *Chronister v. UNUM Life Ins. Co. of America*, 563 F.3d 773, 775 (8th Cir. 2009), that "Under *Glenn*, courts must analyze the facts of the case at issue, taking into consideration not only the conflict of interest, but also other factors that might bear on whether the administrator abused its discretion."

With these precedents in mind, this Court determines that the internal claims handling manuals at issue here are discoverable. Unlike the *Jones* and *Atkins* cases, the challenge to the administrative decision here does not involve simply "an application of policy language to undisputed facts." Plaintiff's argument, instead, is that the plan administrator wrongfully refused to consider the SSA's determination that plaintiff is in fact totally and permanently disabled and the medical evidence supporting that determination. In other words, the process and procedures that led to the plan administrator's denial of the disability claim are what really is at issue, and this Court agrees with plaintiff that the only way to discern whether the administrator followed its own internal procedures in arriving at its decision is through disclosure of the internal claims handling manuals that identify those procedures.

The circumstances of the *Chronister* case, which are nearly identical to the case at hand, illustrate full well what the Court meant by the need to "analyze the facts of the case at issue, taking into consideration not only the conflict of interest, but also other factors that might bear on whether the administrator abused its discretion." In *Chronister*, as here, the plan administrator refused to consider that the SSA had determined that plaintiff was disabled and entitled to full disability benefits. That refusal, however, was "contrary to the clear dictates of [defendant's] claims-handling policies" which expressly provided that SSA determinations must be considered, and it constituted a "most egregious" factor in the Court's holding that defendant abused its discretion in denying plaintiff's claim. *Chronister*, at 776-77. Given this holding, plaintiff here is entitled to know whether similar provisions are set out in defendants' internal claims handling manuals. By implication, though, the larger point is that a plan administrator's serious and significant deviation from its own internal policies and procedures -- whatever those deviations

may be – is substantial proof that the administrator's structural conflict of interest is exacerbated and that an abuse of discretion has occurred. Accordingly, plaintiff is entitled to know whether defendants abided by their internal policies and procedures, and the claims handling manuals shall be produced for that purpose.

This Court arrives at the same conclusion for a different and independent reason as well. Plaintiff cites a U.S. Department of Labor's ERISA regulation providing that a person appealing a denial of benefits under an ERISA plan "shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 § C.F.R. 2560.503-1(h)(2)(iii). A corresponding subsection states:

> A document, record, or other information shall be considered 'relevant' to a claimant's claim if such document, record, or other information:
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination [paragraph (b)(5) requires "administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants"]; or
>
> (iv) In the case of . . . a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8).

Although there is a dearth of cases, at least within the Eighth Circuit, that address this regulation, it is this Court's opinion that a plan administrator's internal claims handling manuals are relevant documents or records as defined by the regulation. If nothing else, they certainly constitute "a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." Thus, under the regulation, the manuals must be disclosed.

For the foregoing reasons, plaintiff's motion to compel is granted and defendants shall produce their internal claims handling manuals to plaintiff's counsel within 14 days. The Court will take under advisement defendants' alternative request for a protective order and permit the parties seven days to file any additional memorandum in support of or in opposition to that request, in addition to any proposed order.

**SO ORDERED** this 17th day of January, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE