UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS L. ENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12-cv-432 SNLJ |
| | ) |
| PRUDENTIAL INS. CO. | ) |
| OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

That matter is before the Court on a Motion for the Entry of a Protective Order (#38) filed by defendants Prudential Insurance Company of America ("Prudential") and AnheuserBusch Companies, LLC successor to Anheuser-Busch Companies, Inc. ("ABC") (collectively, the "Defendants"). Defendants seek to protect confidential information they contend will be disclosed pursuant to this Court's January 17, 2013 Order (#33). Plaintiffs oppose the motion.

Federal Rule of Civil Procedure 26(c) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The burden is . . . upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

Plaintiff argues first that the information to be disclosed is not confidential. In support, plaintiff cites 29 C.F.R. §§ 2560.503-1(h)(2)(iii), (m)(8) (the "Regulation"), which states that statements of policy or guidance are required to be furnished free of charge to any person

appealing a denial of benefits under an ERISA plan.  Plaintiff argues that, because the materials at issue must be disclosed to her by law, those materials cannot be deemed confidential.  Defendants argue that the documents they intend to disclose do not constitute materials covered by the Regulation, and defendants further express concern that their internal policies and procedures might be duplicated or exploited by competitors if not protected.  The Court need not address whether the documents at issue are covered by the Regulation, however, to resolve this dispute because the Regulation does not require disclosure of any documents to the public.  It requires disclosure only to persons appealing denials of benefits under an ERISA plan.  Even if the materials defendants intend to disclose are covered by the Regulation, this Court finds no conflict between the position that the materials must be disclosed to *plan participants* on the one hand, and that the materials should be protected from the eyes of competitors on the other.

     Second, plaintiff argues that defendants have not shown what particular harm they seek to avoid through issuance of a protective order because plaintiff insists that neither she nor her counsel "have any intention to disclose" the instant materials to the public or competitors.  However, it is not unreasonable for defendants to hold plaintiff and plaintiff's counsel to that promise by way of a written court order, particularly in light of plaintiff counsel's recent change-of-heart regarding his willingness to accept a protective order in this case.

     Finally, it appears that plaintiff's real objection to a protective order stems from her counsel's resulting inability to use the documents subject to the order in other litigations.  Plaintiff argues that it will cause needless duplication of effort that would unnecessarily slow the progress of other litigations.  Plaintiff points out that, in order to get the documents to which she is entitled under the Regulation, she spent several months and filed briefs.  However, future

plaintiffs seeking documents under the Regulation, and future defendants from whom documents are sought, may use this case as a blueprint for proper productions.  As a result, the "lengthy battles" which plaintiff's counsel hopes to avoid in the future may be easily prevented.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for a protective order (#38) is GRANTED.

Dated this __31st__ day of January, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE